UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TOMMY DANIELS,<br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A. and<br>SHELLEY ORTOLANI,<br>    Defendants. | §<br>§<br>§<br>§  No. 3:14-CV-2665-L (BF)<br>§<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Title 28, United States Code, Section 636(b), and a Standing Order of Reference from the District Court [D.E. 9], Defendant Shelley Ortolani's ("Ortolani") Motion to Dismiss [D.E. 16] has been referred to the United States Magistrate Judge for findings of fact and recommendations. Plaintiff Tommy Daniels ("Plaintiff") failed to file a response, and the time to do so has expired. For the following reasons, the undersigned recommends that the Court GRANT Ortolani's Motion to Dismiss [D.E. 16].

### BACKGROUND

On July 1, 2014, Plaintiff filed a petition in the 191st Judicial District Court in Dallas County, Texas seeking relief in connection with his residence located at 1615 Ernie Lane, Grand Prairie, TX 75052. *See* Original Pet. [D.E. 1-5 at 2]. Plaintiff makes the following allegations in his petition which is titled "Application for Immediate Declaratory Judgment Order for Quiet Title and the Immediate Rescission of the Deed of Trust for the Removal of Trustees from My Account Supported by Affiant Affidavit":

> (1) respondent has a history of creating false deed of trust by fraud [intentional deception]; (2) respondents have continued to unlawfully try to exercise an unlawful notice to foreclosure by harassment tactic by posting my property address into the

> public records for the County of Dallas in which created unlawful drive byes and attorney letters and they continue violate claimant rights by fraud [intentional deception]; (3) respondents never contested claimant affidavits that had being executed and witness by an independent notary public setting in and for the state of Texas; (4) respondents continues to harass claimant and family and friends on my street which continues against claimant rights which is a form of slavery for unlawful enrichment and against law for the state of Texas; (5) respondent has cause claimant undue hardship through fraud and organizes crime against my rights; and (6) claimant rights have been violate under the human rights for declaration for human rights [preamble] and the right to contact with a full disclosure.

*See id.* [D.E. 1-5 at 2]. Plaintiff also seeks the following in his petition:

> (1) claimant request and demand a criminal investigation by order of this court for violation of the Texas penal code section 11 chapter 71.02 organize crime which is a class A felony; and (2) claimant request and demand for a declaratory judgment order for application for immediate declaratory judgment order for quiet title and the immediate rescission of the deed of trust and for the removal of trustees from my account that's with the department for the treasury supported by affiant's affidavit.

*See id.* [D.E. 1-5 at 3-4].

On July 24, 2014, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") removed this action to this Court. *See* Notice of Removal [D.E. 1]. On March 4, 2015, Ortolani, the Substitute Trustee for Wells Fargo, filed her Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) arguing that Plaintiff's petition fails to allege any valid claims against her. *See id.* [D.E. 16 at 1-2].

## STANDARD OF REVIEW

Rule 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable

for the misconduct alleged. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although the complaint does not need to have detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his or her "entitlement to relief" requires more than labels and conclusions. *Twombly*, 550 U.S. at 555. A plaintiff must plead specific facts, not merely conclusory allegations. *See Tuchman v. DSC Comm'n Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (citing *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992)). A defendant may seek a dismissal under Rule 12(b)(6) if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *Ashcroft*, 556 U.S. at 678.

A court may not dismiss a complaint under Rule 12(b)(6) unless the complaint fails to state a valid claim for relief when viewed in a light most favorable to the plaintiff. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). In considering a Rule 12(b)(6) motion to dismiss, a court takes as true all facts pleaded in the complaint, even if they are doubtful in fact. *See Collins*, 224 F.3d at 498 (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)); *Twombly*, 550 U.S. at 555-56. While it is true that *pro se* pleadings are held to less stringent standards than those drafted by counsel, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" even for *pro se* litigants. *Amos v. Palmetto Gov't Benefit Adm'r*, 122 F. App'x 105, 109 (5th Cir. Jan. 28, 2005) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. Unit A Feb. 1981)) (internal quotations omitted).

## DISCUSSION

Ortolani's motion to dismiss should be granted because Plaintiff fails to allege any valid claims against her. To the extent that Plaintiff is attempting to allege claims for fraud, wrongful foreclosure, and unjust enrichment, Plaintiff has failed to meet the requirements of Rule 8(a)(2). Further, to the extent Plaintiff seeks declaratory relief, quiet title and rescission, Plaintiff is not entitled to such relief as discussed below.

### Fraud

Plaintiff contends that "respondent has a history of creating false deed of trust by fraud [intentional deception]." *See* Original Pet. [D.E. 1-5 at 3]. Further, Plaintiff states that "respondents have continued to unlawfully try to exercise an unlawful notice to foreclosure by harassment tactic by posting my property address into public records for the county of Dallas in which created unlawful drive byes and attorney letters and they continue violate claimant rights by fraud." *See id.* [D.E. 1-5 at 3]. "A fraud claim under Texas law is actionable when: (1) a material misrepresentation was made; (2) the representation was false; (3) the falsity of the representation was known to be false when made or was asserted without knowledge of its truth; (4) the representation was intended to be acted upon; (5) the representation was relied upon; and (6) injury occurred as a result." *Garcia v. Universal Mortg. Corp.*, No. 3:12-CV-2460-L, 2013 WL 1858195, at *9 (N.D. Tex. May 3, 2013) (citing *Arete Partners, L.P. v. Gunnerman*, 594 F.3d 390, 394 (5th Cir. 2010); *Formosa Plastics Corp. U.S.A. v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)). Although the undersigned has taken a liberal construction of Plaintiff's allegations given his *pro se* status, the undersigned is still unable to construe a fraud claim.

4

### Wrongful Foreclosure

Plaintiff also fails to state a wrongful foreclosure claim. "In order to allege common law wrongful foreclosure, a plaintiff must establish (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and selling price." *Fashina v. Fed. Home Loan Mortg. Corp.*, No. 3:12-CV-822-N (BK), 2013 WL 1499376, at *2 (N.D. Tex. Mar. 18, 2013) (citations omitted). A "claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect." *Id.* (citing *Biggers v. BAC Home Loans Servicing, L.P.*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011)) (internal quotations and alterations omitted). However, there is an exception to the requirement of having to show a grossly inadequate selling price if the lender deliberately "chilled" the bidding at the foreclosure sale. *See Miller v. BAC Home Loans Servicing, L.P.*, No. 12-41273, 2013 WL 4080717, at *8 (5th Cir. Aug. 13, 2013).

Given that Plaintiff accuses Defendants of continuing to unlawfully "try to exercise an unlawful notice to foreclosure by harassment tactic by posting my property address into the public records for the County of Dallas in which created unlawful drive byes," it does not appear that an actual foreclosure has taken place, but that Plaintiff is accusing Defendants of an "attempted unlawful foreclosure." *See* Original Pet. [D.E. 1-5 at 3]. Further, on October 31, 2014, Plaintiff submitted another affidavit which appears to indicate that Plaintiff continues to reside at 1615 Ernie Lane, Grand Prairie, Texas 75052. *See* Aff. [D.E. 11 at 1]. However, Texas law does not recognize an "attempted wrongful foreclosure." *See Taylor v. Chase Home Fin., N.A.*, No. 3:13-CV-4793-M (BN), 2014 WL 1494061, at *3 (N.D. Tex. Apr. 15, 2014) ("Plaintiff fails to allege that a foreclosure sale actually occurred. Plaintiff therefore cannot state a claim for wrongful foreclosure. . . . To the

extent that Plaintiff is attempting to sue for attempted wrongful foreclosure, the claim also fails because Texas does not recognize a claim for attempted wrongful foreclosure.") (citations omitted). Therefore, Plaintiff's claims for unlawful foreclosure and attempted unlawful foreclosure also fail, to the extent Plaintiff is attempting to assert such claims.

### Unjust Enrichment

Plaintiff contends that Defendants "continue to harass claimant and family and friends on my street which continues against claimant rights which is a form of slavery for unlawful enrichment and against the law for the state of Texas." *See* Original Pet. [D.E. 1-5 at 3]. Plaintiff continues that "respondent has cause claimant undue hardship through fraud and organizes crime against my rights." *See id.* [D.E. 1-5 at 3]. Under Texas law, "'[a] party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage.'" *Southwestern Bell Tel. Co. v. Marketing On Hold, Inc.*, 308 S.W.3d 909, 921 (Tex. 2010) (quoting *Heldenfels Bros., Inc. v. Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)). Other than conclusory allegations, Plaintiff has not made factual allegations sufficient to state an unjust enrichment claim. In particular, Plaintiff does not allege facts stating how Defendants have obtained a benefit by harassing Plaintiff, his family and his friends.

### Declaratory Judgment/Quiet Title

Plaintiff seeks a declaratory judgment in connection with his quiet title claim. *See* Original Pet. [D.E. 1-5 at 3]. "When a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Redwood Resort Props., L.L.C. v. Holmes Co.*, No. 3:06-CV-1022-D, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007) (citing *i2 Techs. US, Inc. v. Lanell*, No. 3:02-

CV-134-G, 2002 WL 1461929, at *7 n. 5 (N.D. Tex. July 2, 2002)). The federal Declaratory Judgment Act states: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The "federal Declaratory Judgment Act [] is procedural only, not substantive, and hence the relevant cause of action must arise under some other [] law . . . ." *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984).

"In Texas, the elements of the cause of action to quiet title are (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Hill v. BAC Home Loans Servicing, L.P.*, No. 3:13-CV-3044-L (BN), 2014 WL 2117455, at *4 (N.D. Tex. May 6, 2014) (internal quotation and citation omitted). "In a suit to quiet title, a plaintiff must establish a right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Id.* (internal quotation and citation removed). "A suit to quiet title is an equitable action in which a plaintiff must prove and recover on the strength of his own title, not the weakness of his adversary's." *Singha v. BAC Home Loans Servicing, L.P.*, 564 F. App'x 65, 71 (5th Cir. Apr. 17, 2014)). Here, Plaintiff's quiet title claim fails because he does not make any claims regarding the strength of his title. Because Plaintiff has not adequately stated an underlying claim for which he seeks declaratory relief, his request for a declaratory judgment should be denied.

### Rescission

Plaintiff seeks the "immediate rescission of the deed of trust for the removal of trustees from

my account." *See* Original Pet. [D.E. 1-5 at 3]. Under Texas law, "[r]escission is an equitable remedy that operates to extinguish a contract that is legally valid but must be set aside due to fraud, mistake, or for some other reason to avoid unjust enrichment." *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 611 (N.D. Tex. 2006) (citing *Martin v. Cadle Co.*, 133 S.W.3d 897, 903 (Tex. App.-Dallas 2004, pet. denied)). Rescission is "used as a substitute for monetary damages when such damages would not be adequate." *Id.* Because Plaintiff failed to adequately allege a cause of action in his complaint, Plaintiff is not entitled to any remedies.

## Dismissal With Prejudice

While the undersigned would normally recommend that the Court permit *pro se* plaintiffs at least one opportunity to amend their complaints in response to deficiencies pointed out by defendants, the facts in this case do not warrant such a recommendation. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (court should allow plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"). Plaintiff has not filed a response to Defendants' motions to dismiss nor sought leave to amend his complaint in light of the issues pointed out by Defendants in their motions to dismiss. The undersigned therefore determines that Plaintiff is unwilling or unable to amend his complaint in a manner that will avoid dismissal and that dismissal with prejudice is appropriate. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (affirming dismissal with prejudice after lengthy pendency of case which provided plaintiff ample opportunity to amend complaint); *see also Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012) (concluding plaintiffs had pled their best case where

they did not file response to motion to dismiss or request to amend their pleadings).

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Ortolani's Motion to Dismiss [D.E. 16] and dismiss Plaintiff's claims against Ortolani with prejudice pursuant to Rule 12(b)(6).

**SO RECOMMENDED**, this 28 day of July, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

9