IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TOMMY DANIELS,** | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:14-CV-2665-L** |
| **SHELLEY ORTOLANI, INDIVIDUALLY AND AS SUBSTITUTE TRUSTEE FOR WELLS FARGO BANK; AND WELLS FARGO BANK, NATIONAL ASSOCIATION**, | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Wells Fargo Bank, N.A.'s Motion to Expunge Lis Pendens (Doc. 14), filed February 24, 2015. Wells Fargo Bank, N.A. ("Wells Fargo") moves, pursuant to section 12.071 of the Texas Property Code, to expunge the notice of lis pendens filed by Plaintiff in the property records with the Dallas County Clerk on July 1, 2014, at instrument number 201400163826 with respect to real property located at 1615 Ernie Lane, Grand Prairie, Texas 75052, that is the subject of this action.[*] Plaintiff did not respond to the motion. After considering the motion, record, and applicable law, the court **grants** Wells Fargo Bank, N.A.'s Motion to Expunge Lis Pendens (Doc. 14).

In liberally construing Plaintiff's pro se petition titled "Application for Immediate Declaratory Judgment Order for Quiet Title and the Immediate Rescission of the Deed of Trust for

---

[*] The lis pendens was also filed by Plaintiff in this case in state court before the action was removed to federal court by Wells Fargo on July 24, 2014, based on diversity jurisdiction.

**Memorandum Opinion and Order – Page 1**

the removal of Trustees' from my account," the magistrate judge previously determined and this court agreed, that the claims asserted by Plaintiff in this case arise under Texas law. The court similarly concludes that Texas law governs Plaintiff's notice of lis pendens. Under Texas law, a lis pendens may be filed during the pendency of an action involving title to real property, the establishment of an interest in real property, or an enforcement of an encumbrance against real property. Tex. Prop. Code Ann. § 12.007(a) (West 2014). Only a party to the action who is seeking affirmative relief with respect to the real property may file a lis pendens. *See id.*; *In re Jamail*, 156 S.W.3d 104, 108 (Tex. App.—Austin 2004, orig. proceeding.).

A lis pendens does not operate as a lien on property. *In re Miller*, 433 S.W.3d 82, 85 (Tex. App.—Houston [1st Dist.] 2014, no pet.). It instead is a means of providing notice of the pendency of an action involving real estate and may have the effect of protecting the filing party's alleged rights to the property that are in dispute in the litigation. *Id*. A lis pendens is not an independent cause of action and has no existence separate and apart from the litigation of which it provides notice. *Id.* A notice of lis pendens, therefore, "operates only during the pendency of the lawsuit and terminates with the judgment, in the absence of appeal." *Berg v. Wilson*, 353 S.W.3d 166, 180 (Tex. App.—Texarkana 2011, pet. denied).

Once a lis pendens has been filed, the Texas Property Code provides two methods for removal of the lis pendens: (1) expunction of a notice of lis pendens under section 12.0071; and (2) cancellation of a lis pendens under section 12.008. *See* Tex. Prop. Code Ann. §§ 12.0071, 12.008 (West 2014). Wells Fargo seeks to expunge Plaintiff's notice of lis pendens pursuant to section 12.0071. Section 12.0071 identifies three circumstances in which the trial court presiding over the action in which a lis pendens is filed must "order the notice of lis pendens expunged" upon request

by a party to the action in connection with which the notice of lis pendens has been filed. *Id.* § 12.0071(c)(1)-(3). One of those circumstances is when the trial court determines that "the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim." *Id.* § 12.0071(c)(2). Section 12.0071 further provides that notice of a motion to expunge must be served on each affected party on or before the 20th day that the motion is heard. *Id.* § 12.0071(d).

Wells Fargo contends that expunction of the notice of lis pendens recorded and filed in connection with this case is proper under section 12.0071(c)(2) because the stated basis for the notice of lis pendens is Plaintiff's claims in this case, which have been dismissed with prejudice by this court pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not respond to the motion, although the docket reflects that a copy of Wells Fargo's motion was mailed to Plaintiff by the clerk of the court on February 24, 2015.

As the notice of lis pendens filed and recorded by Plaintiff is based on the alleged real property claims in this case, the court concludes that it has authority under section 12.0071 to rule on Wells Fargo's request to expunge Plaintiff's notice of lis pendens, even though the case was initially filed in state court and removed to federal court based on diversity jurisdiction. *See e.g., Naddour v. Nationstar Mortg., LLC*, No. 3:11-CV-1096-B, 2012 WL 4473127, at *1, 7 (N.D. Tex. Sept. 27, 2012) (granting the defendants' motion to expunge the lis pendens filed by the plaintiff with respect to real property at issue in a mortgage foreclosure case that was removed to federal court), *aff'd*, 553 F. App'x 435 (5th Cir. 2014). The court further concludes that Plaintiff cannot establish by a preponderance of the evidence the probable validity of any real property claim asserted in this case because the court dismissed with prejudice all of his claims against Defendants for failure to state a claim upon which relief can be granted. Moreover, while the court may receive

**Memorandum Opinion and Order –Page 3**

evidence on a motion made pursuant to section 12.0071 and allow discovery by a party affected by the motion, Plaintiff did not respond to Wells Fargo's motion to expunge the notice of lis pendens despite being provided with notice. Expungement is thus appropriate under section 12.0071(c)(2). *See W & L Ventures, Inc. v. East West Bank*, No. H-13-00754, 2014 WL 3810692, at *2 (S.D. Tex. Aug. 1, 2014) ("Expungement is appropriate under Section 12.0071(c)(2) as well. The plaintiffs argue, but do not provide a sufficient basis for the court to conclude, that expungement requires the court's rejection of the property claims to be based on weighing the evidence, such as in a trial. A dismissal with prejudice suffices as a ruling that there is no real property claim or that the plaintiffs cannot establish the probable validity of such a claim.") (internal citations omitted).

The court, therefore, **grants** Well Fargo Bank, N.A.'s Motion to Expunge Lis Pendens (Doc. 14) and **expunges**, pursuant to section 12.0071(c)(2) of the Texas Property Code, the notice of lis pendens filed by Plaintiff Tommy Daniels in the property records with the Dallas County Clerk on July 1, 2014, at instrument number 201400163826 with respect to the real property located at 1615 Ernie Lane, Grand Prairie, Texas 75052. The clerk of the court **shall** send a certified copy of this memorandum opinion and order and the judgment in this case to the Dallas County Clerk. Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 20th day of August, 2015.

                                                    Sam A. Lindsay
                                                    United States District Judge